# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **P.B. and T.B.**

**No. 16-0958** (Mercer County 16-JA-35 & 16-JA-36)

**FILED**

**June 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father B.B., by counsel David B. Kelley, appeals the Circuit Court of Mercer County's August 26, 2016, order terminating his parental rights to P.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), William O. Huffman, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating the children as abused and/or neglected and terminating his parental rights without first granting his request for a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR filed an abuse and neglect petition against petitioner alleging that he drove a vehicle while intoxicated with P.B. and P.B.'s mother, H.B., as passengers. The petition also alleged that petitioner was stealing H.B.'s prescription drugs and that petitioner and H.B. engaged in domestic violence in the children's presence.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, on appeal to this Court, petitioner raises no assignment of error in regard to the circuit court's termination of his custodial rights to T.B. As such, beyond affirming the circuit court's adjudication of the children as abused and/or neglected and terminating petitioner's parental rights to P.B., as set forth in the dispositional order on appeal, this memorandum decision does not specifically address this issue.

1

Also in March of 2016, the circuit court held a preliminary hearing wherein a DHHR worker testified that petitioner admitted to having substance abuse issues and attempted to check into a substance abuse treatment facility. A Mercer County deputy sheriff testified that petitioner threatened him while the deputy sheriff was "trying to serve a [domestic violence protective order]" on petitioner for engaging in domestic violence with the mother. Based on the evidence presented, the circuit court found that there was probable cause to believe that the children were neglected. The circuit court ordered that a multidisciplinary team ("MDT") schedule a meeting and that petitioner submit to random drug and alcohol screening. Following the preliminary hearing, petitioner filed a motion for a pre-adjudicatory improvement period.

In April of 2016, the circuit court held an adjudicatory hearing wherein a DHHR worker testified that petitioner refused to participate in random substance abuse screening. The worker also testified that petitioner was charged with making terroristic threats, intimidating a witness, and was subsequently incarcerated.[2] The circuit court continued the adjudication until May 9, 2016 and petitioner was transported to the adjudicatory hearing wherein he testified that he wanted an improvement period and would "agree to anything like going into rehab to get off." Petitioner admitted to neglecting his children because of his alcohol addiction and engaging in domestic violence. Based on the evidence presented, the circuit court found that the children were neglected because of petitioner's alcohol abuse and incarceration.[3]

In June of 2016, the DHHR filed a motion to terminate petitioner's parental rights. Subsequently, petitioner filed a motion for a post-adjudicatory improvement period. In August of 2016, the circuit court held a dispositional hearing wherein it addressed petitioner's motion and the DHHR's motion to terminate his parental rights. A DHHR worker testified that she had concerns about petitioner's ability to participate in an improvement period because of his "unpredictable behavior" and alcohol abuse. A service provider testified that petitioner refused to screen on several occasions and missed scheduled visits with the children. P.B.'s foster mother testified that, on April 8, 2016, petitioner came to her home intoxicated and threatened to kill everyone in the home and "smash out the windows." She also testified that she called the police as a result of petitioner's threats. A West Virginia State Trooper testified that petitioner threatened to kill him after he executed a "welfare check" on petitioner. The psychiatrist treating petitioner testified that petitioner was voluntarily admitted to Highland Hospital for detoxification but that he left the facility against medical advice. The psychiatrist also testified that petitioner "is a severe alcoholic" who minimizes his alcoholism and denies that he has a

[2]Petitioner was charged with making terroristic threats and intimidating a witness after threatening to kill T.B.'s caregivers. On April 19, 2016, petitioner arrived for supervised visitation with children. According to the record, he was visibly intoxicated and made unsolicited advances and physical contact with the supervisor. The next day, petitioner called the DHHR and threatened to come to the Mercer County DHHR office with a firearm. He also threatened to kill everybody and "smash out the windows." On the same day, petitioner contacted T.B.'s foster mother by telephone and threatened to kill her. T.B's foster mother called the police, and petitioner was apprehended after a brief stand-off with police.

[3]It is not clear from the record whether the circuit court addressed petitioner's motion for a pre-adjudicatory improvement period.

problem with alcohol. According to the psychiatrist's testimony, petitioner believes that the "things that he does or says while intoxicated, he [should not] be held responsible for." Finally, petitioner testified that he would "do whatever it takes" to be reunified with the children and that he agreed with the psychiatrist's testimony. Given this evidence, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect, terminated his parental rights to P.B. and his custodial rights to T.B., and denied his motion for a post-adjudicatory improvement period.[4] It is from that August 26, 2016, order that petitioner appeals.

The Court has previously established the following standard of review in a case such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's adjudication of the children as neglected or the denial of his motion for a post-adjudicatory improvement period.

On appeal, petitioner argues that the circuit court's findings of neglect were not supported by clear and convincing evidence because there were no allegations of physical abuse. West Virginia Code § 49-1-201 defines a "neglected child" as a child

> [w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent, guardian or custodian to supply the child

---

[4]Fourteen-year-old T.B. testified by video and requested that the circuit court not terminate petitioner's parental rights. Accordingly, only petitioner's custodial rights to T.B. were terminated below. J.B., T.B.'s non-offending mother, retained her parental rights because there were no allegations against her below. According to the guardian, T.B. currently resides with his non-offending mother with a permanency plan to remain in the home. Additionally, petitioner's parental rights to P.B. were terminated below. The guardian states that P.B. was placed in relative foster placement and the permanency plan is reunification with her mother, H.B., who remains on an improvement period.

with necessary food, clothing, shelter, supervision, medical care or education, when that refusal, failure or inability is not due primarily to a lack of financial means on the part of the parent, guardian or custodian.

Further, West Virginia Code § 49-1-201 defines an "abusing parent" as "a parent, guardian or other custodian, regardless of his or her age, whose conduct has been adjudicated by the court to constitute child abuse or neglect as alleged in the petition charging child abuse or neglect." In addition, this Court has described the "clear and convincing" standard as one in which

> the evidence does not have to satisfy the stringent standard of beyond a reasonable doubt; the evidence must establish abuse by clear and convincing evidence. This Court has explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Brown v. Gobble,* 196 W.Va. 559, 564, 474 S.E.2d 489, 494 (1996)

*In re F.S. and Z.S.*, 233 W.Va. 538, 546, 759 S.E.2d 769, 777 (2014).

In this case, petitioner admitted that he neglected his children due to his alcoholism. Furthermore, over the course of the proceedings, several witnesses testified as to petitioner's neglectful and volatile behavior. A DHHR worker, a State Trooper, and P.B.'s foster mother all testified that petitioner threatened them. The psychiatrist also testified that petitioner is a severe alcoholic who minimizes his alcoholism and denies that he has a problem with alcohol. Moreover, and contrary to petitioner's argument, a child need not be physically harmed to be abused or neglected. *See* W.Va. Code § 49-1-201. Given the clear and convincing evidence of neglect, we find no error in the circuit court's order regarding petitioner's adjudication.

Petitioner next argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period. In support of his argument, petitioner asserts that there was no evidence presented that he was ever "physically abusive or violent" toward the children. Upon our review, however, the Court finds that petitioner failed to satisfy the applicable burden to obtain an improvement period. We have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'"*In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, it is clear from the record on appeal that petitioner failed to demonstrate his ability to fully participate in an improvement period. The circuit court was presented with evidence that petitioner minimized his alcoholism and denied abusing alcohol, despite admitting to neglecting his children because of his alcohol abuse.

Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.,* 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *Charity H.,* 215 W.Va. at 217, 599 S.E.2d at 640). As such, it is clear that petitioner failed to establish that he was likely to fully participate in a post-adjudicatory improvement period and we find no error in the circuit court denying petitioner's motion. Accordingly, we find no error below.

Inasmuch as petitioner argues that the circuit court terminated his parental rights based only on his incarceration, we disagree that termination was based solely on his incarceration. With regard to incarceration, we have explained that incarceration may support the termination of parental rights based on the analysis of a series of factors. *See Cecil T.,* 228 W.Va. at 91, 717 S.E.2d at 875 (holding that "[a]lthough we have not adopted a *per se* rule regarding the impact incarceration has on a termination of parental rights decision, we have likewise not said that the facts surrounding a parent's incarceration may never form the basis for terminating parental rights."). Further, we have held that

[w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

*Id.* at 91, 717 S.E.2d at 875, Syl. Pt. 3.

In the present case, petitioner concedes that the circuit court was free to consider petitioner's incarceration as a basis for the termination of his parental rights. The circuit court based its ruling on several factors in addition to petitioner's incarceration. Prior to his termination, petitioner took no steps to remedy his alcohol abuse and continued to abuse alcohol. Petitioner also had a long history of violent behavior related to his alcohol abuse, which had not been remedied since the filing of the amended petition. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected include one in which "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" We have also held that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.,* 198 W.Va. at 89, 479 S.E.2d at 600 (1996). Beyond his incarceration, the circuit court based termination upon petitioner's failure to remedy his alcohol abuse and the resulting neglect of his

children. Given the circumstances presented, there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future.

Moreover, pursuant to West Virginia Code § 49-4-604(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the children's welfare. The children require stability and permanency. Thus, as the circuit court also found, termination of petitioner's parental rights was necessary for the children's well-being. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon such findings. For these reasons, we find no error in the circuit court's order terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 3, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 19, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker